# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACKMAN FINANCIAL CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PRUDENTIAL INSURANCE COMPANY ) <br> OF AMERICA and HCA MANAGEMENT ) <br> SERVICES, L.P. ) <br> ) <br> Defendants. ) | Case No. 09-cv-06430 <br><br> Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jackman Financial Corp. ("Jackman") is seeking to recover approximately $7500 pursuant to a funeral assignment for life insurance benefits payable due to the death of Ronald Anderson, a resident of Georgia, under the terms of a life insurance policy issued to Anderson's employer, HCA Management Services, L.P. ("HCA"). On September 17, 2009, Plaintiff filed its complaint in the Circuit Court of Cook County, Illinois, against Defendants Prudential Insurance Company of America ("Prudential") and HCA for breach of contract against Prudential (Count I), breach of fiduciary duty against Prudential (Count II), negligence against both Prudential (Count IV) and HCA (Count III), and bad faith against Prudential (Count V). On October 13, 2009, Prudential removed the suit to this Court on the ground that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq*. Currently before the Court are HCA's motion for summary judgment [26] and Prudential's motion for summary judgment [31]. For the reasons stated below, both motions are granted.

## I. Background[1]

Plaintiff Jackman is a small, Chicago-based financing company that advances funds to pay funeral expenses in return for an assignment of the deceased's life insurance proceeds. Prudential SOF ¶ 1. Ronald Anderson ("Ronald")[2] held a life insurance policy through a benefit plan sponsored by his employer, HCA, and issued by Prudential under HCA's Company Group Insurance Contract, policy number G-44028-TN (the "Plan"). Prudential SOF ¶ 3. In regard to assignments, the Plan states:

> You may assign your insurance under a Coverage. Unless the schedule of the Benefits states otherwise, insurance under any Coverage providing death benefits may be assigned only as a gift assignment. * * * Prudential will not decide if an assignment does what it is intended to do. Prudential will not be held liable to know that one has been made unless it or a copy is filed with Prudential through the Contract holder.

Prudential SOF ¶ 4. The Summary Plan Description provided to HCA employees states that "Prudential will only recognize an assignee as the owner of the rights after it has received and registered the written assignment request." Prudential SOF ¶ 5.

Ronald died on February 23, 2008. Prudential SOF ¶ 2. On February 27, 2008, Aileen Anderson, Ronald's wife and the beneficiary of Ronald's life insurance benefits, executed a funeral assignment to Jackman in order to pay for her husband's funeral and burial expenses. The funeral assignment stated that Aileen would assign over to Jackman $7,511.10 from the proceeds of the life insurance policy administered by Prudential. Prudential SOF ¶ 6-7. On the same date, Jackman contacted HCA to verify that Ronald was entitled to life insurance benefits

---

[1] The Court takes the relevant facts primarily from the parties' Local Rule ("L.R.") 56.1 statements: HCA's Statement of Facts ("HCA SOF") [27], Prudential's Statement of Facts ("Prudential SOF") [32], and Jackman's Response to HCA's Statement of Facts ("Pl. SOF") [39]. See *Malec v. Stanford*, 191 *F.R.D.* 581, 583-85 (N.D. Ill. 2000) ("[S]upporting documents submitted with a [summary judgment] motion that are not referred to in statement of facts will be ignored.').

[2] The Court uses Mr. Anderson's first name to distinguish him from his wife, Aileen Anderson ("Aileen"), to whom the Court also refers frequently in this background section.

2

through HCA. HCA SOF ¶ 2. Jackman asserts that it confirmed the existence of a life insurance policy payable to Ronald's beneficiary. Upon verifying Ronald's entitlement in the benefits, Jackman advanced the funds to Aileen. HCA SOF ¶ 2 (Comp. ¶ 9-10). On or about March 13, 2008, Jackman sent a copy of the assignment to HCA, but did not send a copy to Prudential. HCA received the assignment but did not inform Prudential of the assignment.

Prudential received Aileen's claim for Ronald's life insurance benefits on March 27, 2008, and paid $110,000 to Aileen on April 29, 2008. Prudential SOF ¶ 11-12. On June 29, 2009, Jackman called Prudential and demanded payment, but was informed that Prudential had no knowledge of assignment, and had already paid Aileen, the beneficiary designated on Ronald's life insurance policy. Prudential SOF ¶ 9 (Comp. ¶ 13). The parties do not dispute that, at the time that Prudential paid the insurance proceeds to Aileen, Prudential was unaware of any assignment. The parties also do not dispute that Prudential did not receive a copy of the funeral assignment until Plaintiff's counsel contacted Prudential just prior to this litigation.

Jackman claims that HCA and Prudential are liable for their failure to recognize the assignment and that HCA, as an agent of Prudential, was negligent in failing to inform Prudential about the assignment. HCA SOF ¶ 2. On February 5, 2010, HCA moved for summary judgment [26] on the grounds that the Court has no personal jurisdiction over HCA and that Jackman failed to provide any evidence in support of its allegations that HCA was Prudential's agent or that HCA had a duty to Jackman. In response, Jackman argues that its negligence claim against HCA is not preempted by ERISA and that HCA is liable because Jackman's detrimental reliance created a duty on the part of HCA that HCA breached. On February 19, 2010, Prudential moved for summary judgment [31] on the grounds that Jackman's state law claims are preempted by ERISA and that Prudential paid the life insurance proceeds to Aileen because Aileen and

3

Jackman failed to follow the procedures effectuating an assignment as set forth in the Plan and HCA Benefit Plans Summary Plan Description. Jackman did not file a response to Prudential's motion for summary judgment or to Prudential's statement of facts.

## II.   Analysis[3]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether there is a genuine issue of material fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2004). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party seeking summary judgment has the initial burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id*. at 324. Thus, summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

### A.   Jackman's Claims against Prudential (Count I, II, IV and V)

In its complaint, Plaintiff Jackman asserts the following state law claims against Prudential: breach of contract, breach of fiduciary duty, negligence and bad faith under Georgia's insurance bad faith statute. Prudential contends that Plaintiff's state law claims all

---

[3]   On March 08, 2010, HCA moved for leave to adopt legal statements of Co-Defendant, Prudential pursuant to Federal Rule of Civil Procedure 10(c) [35]. The Court granted HCA's motion [43].

4

relate to an ERISA-governed plan, and therefore are preempted, and furthermore that Prudential paid the life insurance proceeds to Aileen, the beneficiary designated on Ronald's life insurance policy, in accordance with governing Plan documents.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "State laws" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). A state law claim "relates to" an ERISA plan, and is thus preempted, "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983); see also *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987). In *Pilot Life Insurance Co.*, the Supreme Court held that ERISA preempts state common law tort claims and breach of contract claims, including bad faith claims, "based on alleged improper processing of a claim for benefits under an employment benefit plan." *Id.*; see also *Smith v. Blue Cross Blue Shield of Wisconsin*, 959 F.2d 655, 657 (7th Cir. 1992). Plaintiff's claims seek to supplement the exclusive remedies provided for under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), by requesting damages, statutory penalties and interest relative to the payment of benefits at issue. As the Supreme Court noted in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 216 (2004), "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."

Here, Plaintiff's claims clearly "relate to" an ERISA plan. In fact, all of Plaintiff's claims are predicated upon Prudential's failure to pay benefits according to the terms of the Plan provided to Ronald by his employer as an employee benefit and an assignment related thereto. As an alleged assignee of the benefits, Jackman is permitted to sue for failure to pay benefits

5

under ERISA, 29 U.S.C. § 1132(a)(1)(B). See, *e.g., Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698 (7th Cir. 1991). Plaintiff alleges that Prudential breached its contract with the decedent. By its own admission, Jackman admits that the claim for relief "relates to" the Plan because it concerns a breach of the Plan's terms. See Compl. ¶ 19. The claim references the Plan because resolution of the breach of contract claim necessarily requires the Court to examine the Plan terms.

Similarly, using the same analysis, the breach of fiduciary duty, negligence, and bad faith claims must fail because they require the Court to inquire into the Plan's terms to assess Prudential's alleged liability. Claims for relief that are "based on alleged improper processing of a claim for benefits under an employee benefit plan undoubtedly meet the criteria for preemption." *Morstein v. National Ins. Servs., Inc.*, 93 F.3d 715, 720 (11th Cir. 1996) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987)); see also *Smith*, 959 F.2d at 657. Finally, Plaintiff's claim for bad faith under O.C.G.A. § 33-4-6(a), Georgia's bad faith insurance statute, also is preempted by ERISA. See *Moon v. American Home Assur. Co.*, 888 F.2d 86, 89 (11th Cir. 1989) (bad faith damages based on improper processing of insurance claims under Georgia law "are not part of the state insurance regulatory scheme" and thus are preempted by ERISA). Consequently, Plaintiff's claims for breach of contract, breach of fiduciary duty, bad faith, and negligence are all preempted by ERISA.

Having determined that Plaintiff's state law claims are preempted by ERISA, the Court turns to Prudential's contention that it cannot be liable under ERISA for acting in accordance with the governing Plan documents. ERISA requires "[e]very employee benefit plan [to] be established and maintained pursuant to a written instrument" and to "specify the basis on which payments are made to and from the plan." *Kennedy v. Plan Admin. for Dupont Sav.& Inv. Plan*,

6

129 S. Ct. 865, 875 (2009); 29 U.S.C. §§ 1102(a)(1), (b)(4). Claims fiduciaries are required to comply with plan documents and instruments, to the extent that those documents do not conflict with ERISA. See ERISA § 404(a)(1)(D); 29 U.S.C. § 1104(a)(1)(D) ("[A] fiduciary shall discharge his duties with respect to a plan * * * in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]."); *Kennedy*, 129 S. Ct. at 868 (quoting 29 U.S.C. § 1104(a)(1)(D)); *Melton v. Melton*, 324 F.3d 941, 944 (7th Cir. 2003); *Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558, 565 (7th Cir. 2002). A fiduciary that adheres to the ERISA-compliant governing plan documents cannot be found to have breached this duty. *Kennedy*, 129 S. Ct. at 875; see also *Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 420 (6th Cir. 1997) (ERISA § 404(a)(1)(D) provides "a clear mandate that plan administrators follow plan documents to determine the designated beneficiary").

In the present case, the Plan and the HCA Benefit Plans Summary Plan Description clearly set forth the requirements for effectuating an assignment of benefits. In regard to an assignment, the Plan states that "Prudential will not be held to know that [an assignment] has been made unless it or a copy is filed with Prudential through the Contract holder." Similarly, the HCA Benefit Plans Summary Plan Description states that "Prudential will only recognize an assignee as the owner of the rights after it has received and registered with the written request." Such a limitation on assignments does not violate ERISA and is a legally permissible way for deciding how assignments under the Plan should be handled. See *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002) (holding that "claims for welfare benefits, not limited to health-care benefits, are assignable provided of course that the ERISA plan itself permits assignment, assignability being a matter of freedom of contract in the absence of a statutory

bar"); *City of Hope Nat'l Med. Ctr. v. Healthplus, Inc.*, 156 F.3d 223, 229 (1st Cir. 1998) ("Consistent with the other circuits which have addressed this issue, we hold that ERISA leaves the assignability or non-assignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties."); *St. Francis Regional Med. Ctr. v. Blue Cross & Blue Shield of Kansas, Inc.*, 49 F.3d 1460, 1464 (10th Cir. 1995) (concluding from ERISA's silence on the issue of assignability of welfare benefits that the parties should be free to contract on the matter).

Plaintiff does not dispute that it did not follow any of the procedures required to effectuate an assignment set forth in the Plan and the HCA Benefit Plans Summary Plan Description.[4] There also is no dispute that Prudential did not have an assignment on file at the time that it paid Ronald's life insurance benefits to Aileen. Further, Jackman does not dispute that Prudential did not receive a copy of assignment until Jackman contacted Prudential just prior to this suit.

Based on the allegations in the complaint, Plaintiff attempts to make an end-run around the Plan's actual notice requirement by alleging that HCA's knowledge of the assignment is imputed to Prudential. In its complaint, Plaintiff alleges that it is "indisputable that in Georgia * * * the knowledge of an agent is imputed to the principal, regardless of whether or not the principal had actual reason to know." Compl. ¶ 21, citing O.C.G.A. § 10-6-58. However, the Supreme Court has held that ERISA preempts state agency law in regard to whether employers are agents of insurers pursuant to ERISA-governed plans. See *UNUM Life Ins. Co. v. Ward*, 526 U.S. 358, 361 (1999) (finding that California's agency law relates to an ERISA plan and is thus preempted because "deeming the policyholder-employer the agent of the insurer would have a marked effect on plan administration"). Furthermore, Plaintiff has not presented a shred of

---

[4] Plaintiff failed to respond to any of Prudential's summary judgment materials.

evidence that HCA was acting as Prudential's agent such that any knowledge could be imputed to Prudential. Thus, Jackman cannot rely on preempted state law agency principles (cited in the complaint) to change the analysis here.

Prudential discharged its statutory duty as an ERISA-governed group life insurance plan by paying Aileen, the beneficiary designated on Ronald's life insurance policy, "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). Therefore, Prudential's motion for summary judgment is granted.

### B. Jackman's Claim against HCA (Count III)[5]

Jackman claims that HCA, as an agent of Prudential, was negligent in failing to inform Prudential about the assignment. HCA argues that Jackman failed to follow the procedures required to effectuate an assignment as set forth in the Plan and the HCA Benefit Plans Summary Plan Description. HCA also contends that Jackman has failed to provide any evidence in support of the allegations in its complaint that HCA was Prudential's agent and that HCA had a duty to Jackman. Jackman did not file a response to HCA's statement of material facts, so those facts that are supported by record evidence are deemed admitted.

As set forth above, Jackman's negligence claim against HCA is preempted by ERISA. Jackman seeks to recover approximately $7,500 under the terms of an ERISA-governed group

---

[5] HCA contends that the Court does not have personal jurisdiction over HCA. In its answer, HCA asserted several affirmative defenses, including a challenge to venue, but did not assert a defense of lack of personal jurisdiction. "[T]he defendant must challenge personal jurisdiction at the earliest opportunity, on pain of forfeiture if he fails to do so." *Rice v. Nova Biomedical Corp.,* 38 F.3d 909, 914 (7th Cir. 1994) (citing Fed.R.Civ.P. 12(h)(1)); see also *Vega-Encarnacion v. Babilonia,* 344 F.3d 37, 42 (1st Cir. 2003) (Defendants waived the defense of lack of personal jurisdiction under Rule 12(h)(1) because their answer, filed prior to their motion to dismiss, failed to object to personal jurisdiction). Because HCA failed to assert its defense of lack of personal jurisdiction at the earliest opportunity, either in its answer or by filing a motion to dismiss pursuant to 12(b)(2), and because HCA continued to litigate this matter by engaging in discovery and filing a dispositive motion for summary judgment, the Court finds that HCA has forfeited the opportunity to contest the Court's exercise of personal jurisdiction and that the Court has personal jurisdiction over HCA. See also *Swaim v. Moltan Co.*, 73 F.3d 711, 717 (7th Cir. 1996) ("Generally, the failure to challenge personal jurisdiction in a responsive pleading amounts to a forfeiture of that claim.").

life insurance plan sponsored by HCA and insured by Prudential. Jackman bases its claim on Prudential's failure to honor the assignment of Aileen's interest in Ronald's life insurance benefits to Jackman. Thus, ERISA preempts Jackman's claim against HCA because it clearly relates to an employee benefit plan covered by ERISA.

There is no dispute that Jackman did not follow the procedures for effectuating an assignment set forth in the Plan and HCA Benefit Plans Summary Plan Description. HCA SOF ¶ 16. HCA has submitted evidence that it is the benefit plan coordinator for various affiliates, but that Prudential is the benefit provider and claims administrator for Ronald's life insurance policy. Affidavit of Sandra Taylor at ¶¶ 3-4. HCA also has submitted the HCA Benefit Plans Summary Plan Descriptions, which includes a section entitled "Assignment of Benefits." The "Assignment of Benefits" section states: "You may assign Life and AD&D Insurance benefits by submitting a signed or certified copy of the written assignment to Prudential's home office. Prudential will only recognize an assignee as the owner of the rights after it has received and registered the written assignment request." Jackman does not dispute that it failed to submit a signed or certified copy of the written assignment of assignment with Prudential. Thus, Prudential was obligated to pay the life insurance proceeds to Aileen "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D).

In Jackman's short response brief, Jackman argues that HCA "provided [Jackman] with information which it knew Jackman would rely on" and that "[d]etrimental reliance creates a duty under Illinois law." As support for its position, Jackman cites to Count III of its complaint. However, a party that bears the burden of proof on a particular issue – as Jackman does here – may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. *Hunter v. Amin*, 583 F.3d 486,

489 (7th Cir. 2009); see also *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Based on the allegations in the complaint and the response brief, the Court assumes that Jackman is arguing that detrimental reliance creates a duty under Illinois law and that HCA provided information which it knew Jackman would rely on. See *Bovan v. American Family Life Ins. Co.*, 897 N.E.2d 288, 293-94 (Ill. App. Ct. 1st Dist. 2008). However, even if detrimental reliance creates a duty, Jackman failed to provide any evidence that HCA undertook any affirmative acts so as to induce detrimental reliance by Jackman. See *Malec v. Sanford*, 191 F.R.D. 581, 584 ("[S]imply setting out the legal standards and citing case law is insufficient to support an argument in summary judgment."). Jackman only *alleges* that upon Jackman's request for information regarding Ronald's insurance policy, HCA told Jackman that Ronald's life insurance benefits would cover the assigned amount. Jackman further *alleges* that it sent the assignment form and related documents to HCA (although the complaint does not even allege that HCA received the documents). Local Rule ("L.R.") 56.1, however, specifically requires that in the case of any disagreement, nonmovant's response to movant's statement of facts should contain "specific references to the affidavits, parts of the record, and other supporting materials relied upon" and "a nonmovant's failure to adhere to these requirements is equivalent to admitting the movant's case." Here, Plaintiff did not even file a response to HCA's statement of material facts. Jackman also failed to specify material facts showing that there is a genuine issue for trial "by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file'" in its memorandum in opposition to HCA's motion for summary judgment. *Celotex Corp.*, 477 U.S. at 324; see also *Goodman v. National Sec. Agency, Inc.*, --- F.3d ---, 2010 WL 3447727, at *2 (7th Cir. 2010) ("the non-moving party is required to marshal and

present the court with the evidence she contends will prove her case * * * by evidence, we mean evidence on which a reasonable jury could rely.").

Under federal law, as has been noted often, "a motion for summary judgment requires the responding party to come forward with the evidence that it has – it is the put up or shut up moment in a lawsuit." *Eberts v. Godertad*, 569 F.3d 757, 766 (7th Cir. 2009) (internal quotation omitted). Because Jackman has failed to present any facts, with citations to record evidence, to support its negligence claim, HCA's motion for summary judgment [26] is granted.

### III. Conclusion

For these reasons, the Court grants Prudential's motion for summary judgment [31] and also grants HCA's motion for summary judgment [26].

Dated: September 22, 2010           _____
                                        Robert M. Dow, Jr.
                                          United States District Judge