Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6430 | **DATE** | 2/28/2011 |
| **CASE TITLE** | Jackman Financial Corp. vs. Prudential Insurance Company of America, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's motion to amend judgment at to Count III [53] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

**I.  Background**

Plaintiff Jackman Financial Corp. ("Jackman") advances funds to pay funeral expenses in return for an assignment of the deceased's life insurance proceeds. In the instant case, Jackman sought to recover approximately $7500 pursuant to a funeral assignment for life insurance benefits payable due to the death of Ronald Anderson, a resident of Georgia, under the terms of a life insurance policy issued to Anderson's employer, HCA Management Services, L.P. ("HCA"), by Prudential Insurance Company of America ("Prudential"). On September 17, 2009, Jackman filed its complaint in the Circuit Court of Cook County, Illinois, for breach of contract against Prudential (Count I), breach of fiduciary duty against Prudential (Count II), negligence against both Prudential (Count IV) and HCA (Count III), and bad faith against Prudential (Count V). On October 13, 2009, Prudential removed the suit to this Court on the ground that Jackman's claims were completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq*. On September 22, 2010, the Court granted Prudential's motion for summary judgment [31] on all counts and HCA's motion for summary judgment [26] on Count III (negligence). Jackman has filed a motion to amend the judgment [53] pursuant to Rule 59(e), contesting only the portion of the Court's opinion granting summary judgment to HCA on Count III.

In regard to assignments, HCA's Company Group Insurance Contract (the "Plan") states: "You may assign your insurance under a Coverage * * * * Prudential will not be held liable to know that one has been made unless it or a copy is filed with Prudential through the Contract holder." Similarly, the Summary Plan Description provided to HCA employees states that "Prudential will only recognize an assignee as the owner of the rights after it has received and registered the written assignment request." Ronald died on February 23, 2008. On February 27, 2008, Aileen Anderson, Ronald's wife and the beneficiary of Ronald's life insurance benefits, executed a funeral assignment to Jackman in order to pay for her husband's funeral and burial expenses. The

| STATEMENT |
|---|

funeral assignment stated that Aileen would assign over to Jackman $7,511.10 from the proceeds of the life insurance policy administered by Prudential. On the same date, Jackman contacted HCA to verify that Ronald was entitled to life insurance benefits through HCA. Jackman asserts that it confirmed the existence of a life insurance policy payable to Ronald's beneficiary. Upon verifying Ronald's entitlement in the benefits, Jackman advanced the funds to Aileen. On or about March 13, 2008, Jackman sent a copy of the assignment to HCA, but did not send a copy to Prudential. HCA received the assignment but did not inform Prudential of the assignment. Prudential received Aileen's claim for Ronald's life insurance benefits and paid $110,000 to Aileen on April 29, 2008. On June 29, 2009, Jackman demanded payment from Prudential, but was informed that Prudential had no knowledge of assignment and had already paid Aileen.

Jackman claimed that HCA and Prudential were liable for their failure to recognize the assignment and that HCA, as an agent of Prudential, was negligent in failing to inform Prudential about the assignment. HCA moved for summary judgment [26], maintaining that Jackman failed to provide any evidence in support of its allegations that HCA was Prudential's agent or that HCA had a duty to Jackman. In response, Jackman argued that its negligence claim against HCA was not preempted by ERISA and that HCA was liable because Jackman's detrimental reliance created a duty on the part of HCA that HCA breached. The Court determined that Jackman failed to present any facts, with citations to record evidence, to support its negligence claim and granted HCA's motion for summary judgment.

**II. Analysis**

Jackman now moves to alter the judgment in favor of HCA. A court may alter or amend a judgment when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). In regard to the "manifest error" prong, the Seventh Circuit has elaborated that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). While a motion for reconsideration allows a movant to bring to a court's attention a manifest error of law, it "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). And because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

At summary judgment, Jackman did not dispute that it failed to submit a signed or certified copy of the written assignment with Prudential. Instead, in its two-page response brief, Jackman argued that HCA "provided [Jackman] with information which it knew Jackman would rely on" and that "[d]etrimental reliance creates a duty under Illinois law." As support for its position, Jackman did not cite to any evidence; rather, it cited to Count III of its complaint. The Court concluded that even if detrimental reliance creates a duty, Jackman failed to provide any evidence that HCA undertook any affirmative acts so as to induce detrimental reliance by Jackman. The Court further noted that "a motion for summary judgment requires the responding party to come forward with the evidence that it has–it is the put up or shut up moment in a lawsuit" (see *Eberts v. Godertad*, 569 F.3d 757, 766 (7th Cir. 2009) (internal quotation omitted)) and that Jackman failed to present any evidence to support its negligence claim. Jackman now claims that it did not need to come forward with any evidence because its allegations were enough to survive summary judgment.

In the present case, the Plan and the HCA Benefit Plans Summary Plan Description clearly set forth the

requirements for effectuating an assignment of benefits. In regard to an assignment, the Plan states that "Prudential will not be held to know that [an assignment] has been made unless it or a copy is filed *with Prudential * * *"* (emphasis added). Similarly, the HCA Benefit Plans Summary Plan Description states that "Prudential will only recognize an assignee as the owner of the rights after it has received and registered with the written request." Such a limitation on assignments does not violate ERISA and is a legally permissible way for deciding how assignments under the Plan should be handled. See *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002) (holding that "claims for welfare benefits, not limited to health-care benefits, are assignable provided of course that the ERISA plan itself permits assignment, assignability being a matter of freedom of contract in the absence of a statutory bar").

There is no dispute that neither Jackman nor Aileen Anderson followed the procedures for effectuating an assignment set forth in the Plan and HCA Benefit Plans Summary Plan Description. At summary judgment, HCA presented evidence of the procedures for effectuating an assignment set forth in the plan documents. In responding, Jackman failed to present anything other than its *allegations* that HCA had a duty to do more. Jackman now asserts that in confirming the existence of a life insurance policy, HCA performed an affirmative act and assumed a duty to convey the assignment to Prudential. At summary judgment, and now, Jackman fails to support its theory with any case law or precedent which holds that the mere receipt of an inquiry or notice that a third party was seeking to obtain an assignment of benefits creates a duty under a theory of negligence. Rather, in the face of unambiguous plan documents that a signed or certified copy of the written assignment needed to be submitted to Prudential, Jackman's negligence theory fails. At most, the only conceivable duty on HCA's part would be to provide correct information, which it did: that a policy existed and that the face amount of the policy was sufficient to cover $7,571.10 in funeral costs. Jackman's theory that HCA has a duty to inform Prudential of Jackman's inquiry and also a duty to advise Jackman that "it might fail to advise Prudential of the claim" is simply over-reaching and contrary to the plan documents.

In its reply brief, Jackman claims: "Jackman is no longer pursuing the agency theory introduced in the Complaint." According to Jackman, statute, contract, and agency are not the only sources of a legal duty; instead, Jackman asserts that the duty in this case arises from detrimental reliance. Putting aside the fact that Jackman's complaint and all of the briefing on the summary judgment motions make clear that Jackman brought only one claim against HCA–negligence–even if the Court were to consider Jackman's alternative theory of negligent misrepresentation (of which detrimental reliance is an element), it would fail. Jackman maintains that HCA's act of responding to an inquiry from a third party and confirming the existence of a life insurance policy is an unambiguous promise which could support a theory of detrimental reliance, but Jackman's theory falls far short of what is required to establish detrimental reliance in the case law. See *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000) ("Such conduct must amount to more than mere negligence; an affirmative act to misrepresent or mislead is required."). Jackman offered no evidence that its representative asked HCA how to go about perfecting or completing the assignment, or that HCA provided incorrect information. Jackman merely asserts that HCA did not "question" Jackman's inquiry. HCA's truthful response to Jackman's inquiry, and failure to inform Jackman of the additional steps it must take to effect the assignment, contains no promise and does not rise to the level of an affirmative act of misrepresentation needed to make a claim for negligent misrepresentation.

## III. Conclusion

For these reasons, Plaintiff's motion to amend judgment [53] as to Count III is denied.